IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MICHAEL S. REGAN, in his official capacity as Administrator of the U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>　　　　Defendants. | Civil Action No. 22-CV-11863-RGS |

## EPA'S OPPOSITION TO
## PLAINTIFFS' MOTION TO STAY LITIGATION

### INTRODUCTION

On March 17, 2023, Plaintiffs Conservation Law Foundation, Inc. and Charles River Watershed Association, Inc. moved to stay this case against Defendants (collectively, "EPA")[1] for approximately 1.5 years based on EPA officials' non-binding statements of current agency intentions during preliminary discussions with Plaintiffs. ECF No. 6. Plaintiffs have not demonstrated good cause for such a stay. Instead, they attempt to use a stay as a means of imposing obligations on EPA in this case. As explained in more detail below, Plaintiffs' requested stay is not justified, and the Court need not hear oral argument to deny the motion.

---

[1] Defendants are Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency; David Cash, in his official capacity as Regional Administrator for Region 1 of the U.S. Environmental Protection Agency; and the U.S. Environmental Protection Agency.

## ARGUMENT

Plaintiffs have provided no good or sufficient reason for the Court to stay this case. Whether to stay a case is discretionary with a court, as "[a] district court enjoys inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Nevertheless, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. Fed. Deposit Ins. Corp.*, 965 F.2d 1148, 1155 (1st Cir. 1992).

Here, the facts strongly counsel against a stay. As Plaintiffs' supporting declaration states, Plaintiffs and EPA Region 1 officials met and exchanged information between December 2022 and February 2023. Declaration of Heather A. Govern (ECF No. 6-1) ¶ 11. During that time, EPA staff provided Plaintiffs with their current plans for issuing one or more draft proposed National Pollutant Discharge Elimination System ("NPDES") permits underlying Plaintiffs' claims, including the agency's current intention to issue draft general permit(s) by the end of summer 2024. Contrary to the suggestion in the Govern Declaration, this estimated timeline was not proposed in exchange for resolving this litigation, and it did not involve any input from Plaintiffs. *See id.* ¶ 12. EPA simply shared its current plans for the NPDES general permit(s) process with Plaintiffs, and its current intentions are not binding or enforceable against EPA in any way. Notwithstanding sharing its stated intentions with Plaintiffs' counsel, EPA communicated to Plaintiffs that the agency is not interested in settling this case. *Id.*

After EPA shared that it did not wish to enter into a settlement—and before even serving EPA with the Complaint—Plaintiffs moved to stay all deadlines in this case through September

8, 2024, stating that "[i]n the event Defendants do not meet their current proposed timeline by the end of the summer of 2024, Plaintiffs anticipate the need to continue the litigation."  Govern Decl. ¶ 14.  However, by seeking a stay and tying that request to EPA's statement of current intentions, Plaintiffs are effectively attempting to impose obligations or milestones on EPA, together with litigation consequences in this case.  There is no basis for the Court to maintain this case on the Court's docket pending EPA's compliance with the agency's unilateral statement of intent regarding future regulatory steps by the agency.  This is an inappropriate invocation by the Plaintiffs of the Court's inherent powers to manage its docket.  It also smacks of an attempt to impose de facto settlement terms on EPA, with litigation consequences should EPA not meet its current statement of intent.

Moreover, the Court should deny the requested stay because it would not save the parties or the Court time, nor would it promote an efficient resolution of this case, which EPA believes could be disposed of via motions to dismiss and/or for summary judgment.  It is unnecessary to keep this case active on the Court's docket for 1.5 years if Plaintiffs do not now intend to proceed with their case.  It is also unfair and burdensome to EPA to keep this case open and pending before the Court based on only EPA's estimated permit development schedule.  *Cf. Doe v. Mills*, No. 21-cv-242-JDL, 2022 U.S. Dist. LEXIS 1099 (D. Maine Jan. 4, 2022) (denying plaintiffs' motion for stay based on speculative grant of petition for writ of certiorari to U.S. Supreme Court).  Any risk of incurring unnecessary litigation expenses does not tip the scale in Plaintiffs' favor.  *See Katz v. Liberty Power Corp.*, No. 18-cv-10506-ADB, 2020 U.S. Dist. LEXIS 110162, at *11-12 (D. Mass. June 23, 2020).  If Plaintiffs do not now wish to litigate this case in light of EPA's current plans or for any other reason, the proper course of action at this

stage would be for Plaintiffs to file a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A).[2] Otherwise, this litigation should proceed without undue delay.

## CONCLUSION

For the foregoing reasons, there is no good cause to stay this case, and the Court should deny Plaintiffs' motion to stay the case.

Dated: March 30, 2023

                                  TODD KIM
                                  Assistant Attorney General

                                  s/ *Miranda M. Jensen*
                                  MIRANDA M. JENSEN
                                  United States Department of Justice
                                  Environment & Natural Resources Division
                                  P.O. Box 7611
                                  Washington, D.C. 20044
                                  (202) 598-3071
                                  miranda.jensen@usdoj.gov

                                  *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 30, 2023, I filed the foregoing EPA'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY LITIGATION using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

                                  s/ *Miranda M. Jensen*
                                  MIRANDA M. JENSEN

---

[2] Under Federal Rule of Civil Procedure 41(a)(1)(B), a first voluntary dismissal is presumed to be without prejudice.

- 4 -