**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as Administrator of the U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. 22-CV-11863-RGS |

## JOINT STATUS REPORT

Plaintiffs Conservation Law Foundation, et al. ("Plaintiffs") and Defendants Michael S. Regan, et al. ("EPA") submit this joint status report pursuant to the Court's order of September 18, 2024. ECF No. 31.

1.      This is an action in which Plaintiffs seek an order under the Clean Water Act and the Administrative Procedure Act requiring EPA to publish draft permits and a timeline for issuing the final permit after exercising residual designation authority ("RDA") pursuant to the Clean Water Act. 33 U.S.C. § 1342(p)(2)(E); 40 CFR §§ 122.26. Plaintiffs believe that the permits will reduce toxic stormwater pollution in the Charles, Mystic, and Neponset Rivers.

2.      On May 9, 2019, Plaintiffs petitioned EPA to exercise RDA to designate for permitting certain stormwater discharges in the Charles River Watershed. Compl. ¶ 78. On August 24, 2020, CLF petitioned EPA to exercise RDA to designate for permitting certain stormwater discharges in the Mystic River Watershed and the Neponset River Watershed. *Id.* ¶¶ 90, 99.

3.      On September 14, 2022, EPA issued "Clean Water Act Residual Designation Determination for Certain Stormwater Discharges in the Charles, Mystic, and Neponset River Watersheds, in Massachusetts" ("Residual Designation").

4.      Plaintiffs filed their Complaint in this case on November 2, 2022.  ECF No. 1. The Complaint includes five counts under the Clean Water Act and Administrative Procedure Act:  Counts I and III allege that EPA failed to timely notify potentially regulated stormwater dischargers of EPA's Residual Designation and reasons for it.  Counts II and IV allege that EPA failed to timely issue a draft Clean Water Act discharge permit ("NPDES permit") pursuant to the Residual Designation.  Count V alleges that EPA's failure to publish a draft permit concurrently with the Residual Designation was a deviation from EPA practice, which was arbitrary and capricious.

5.      On June 2, 2023, EPA filed a Motion to Dismiss all claims in the Complaint, which Plaintiffs opposed.  ECF Nos. 18, 19, 24.

6.      On July 18, 2023, the Court allowed the Motion to Dismiss as to Counts I and III of the Complaint.  ECF No. 25.  At the same time, the Court stayed consideration of the motion to dismiss Counts II, IV, and V "until September 8, 2024 (as initially requested by plaintiffs) based on defendants' representation that it will publish the draft NPDES permits by the summer of 2024." *Id.* at 6, 9.  In staying proceedings on Counts II and IV, the Court further stated that it was "mindful that the plaintiffs' request for relief would be mooted by the publication of the draft permits." *Id.* at 8.

7.      On September 18, 2024, the Court extended the abeyance until November 29, 2024, based on EPA's representations in the Parties' status report, ECF No. 30, that EPA currently anticipates signing a Federal Register notice of availability for the draft NPDES permit

in October 2024, submitting that notice to the Office of the Federal Register for publication in the Federal Register, and making the draft NPDES permit and related materials available for public review by the date the notice is published in the Federal Register.  ECF No. 31.

8.      On October 24, 2024, EPA Regional Administrator David Cash signed a notice for the proposed draft NPDES permit.

9.      The signed notice was published in the Federal Register on October 31, 2024.  *See* Att. 1, 89 Fed. Reg. 86802 (Oct. 31, 2024).  That same day, EPA made available on its website and regulations.gov the draft permit, along with all supporting materials.  *See id.* at 86803.

10.      EPA is accepting public comment on the draft permit until January 29, 2025, and it has scheduled public meetings and hearings on various dates in January 2025.  *Id.*  After the close of the public comment period, EPA will consider the comments received in developing its final action.

11.      With regard to this case, the Parties' position is as follows:

a.      Because the remaining counts in Plaintiffs' Complaint allege that EPA failed to timely issue the draft NPDES permit (Counts II and IV) and that EPA's failure to publish a draft permit concurrently with the Residual Designation was arbitrary and capricious (Count V), EPA's issuance of the draft permits moots those claims. *See* Mem. & Order on Defs.' Mot. to Dismiss, ECF No. 25 at 8 ("[M]indful that the plaintiffs' request for relief would be mooted by the publication of the draft permits, the court will as a matter of prudence stay proceedings on [Counts II and IV] as plaintiffs request."); *id.* at 9 (also staying proceedings on Count V).

b.      As a result, EPA believes that, in addition to the reasons provided in its Motion to Dismiss, ECF Nos. 18 & 19, mootness now provides an additional ground on

which to dismiss the remainder of Plaintiffs' Complaint.  The Court should decide the

remaining arguments in EPA's pending and fully briefed Motion to Dismiss.  And if the

Court were inclined to deny the Motion, the Court should allow supplemental briefing on

the mootness of the Plaintiffs' remaining claims.

Respectfully submitted,

CONSERVATION LAW FOUNDATION, INC.,
CHARLES RIVER WATERSHED ASSOCIATION,
INC.

By their Attorneys,

/s/ *Heather A. Govern* (with permission)
Ameya Gehi
BBO No. 709194
Heather A. Govern
BBO No. 688482
62 Summer St.
Boston, MA 02110
(617) 850-1795
agehi@clf.org

MICHAEL S. REGAN, DAVID
CASH, U.S. ENVIRONMENTAL
PROTECTION AGENCY

By their Attorneys,

TODD KIM
Assistant Attorney General

/s/ *Miranda M. Jensen*
MIRANDA M. JENSEN
United States Department of Justice
Environment & Natural Resources
Division
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3071
miranda.jensen@usdoj.gov

*Attorney for Defendants*

Dated:  November 29, 2024

## CERTIFICATE OF SERVICE

I certify that on November 29, 2024, I filed the foregoing JOINT STATUS REPORT
using the Court's CM/ECF system, which will electronically serve all counsel of record
registered to use the CM/ECF system.

/s/ *Miranda M. Jensen*
MIRANDA M. JENSEN

- 4 -

# ATTACHMENT 1:

**Notice of Preliminary Designation of Certain Stormwater Discharges in the Commonwealth of Massachusetts and Notice of Availability of Draft Permit Under the National Pollutant Discharge Elimination System of the Clean Water Act**

**89 Fed. Reg. 86802 (Oct. 31, 2024)**

Federal Officer (DFO), SAB Staff Office, by telephone at (202) 564–2050 or via email at *yeow.aaron@epa.gov.* General information concerning the CASAC, as well as any updates concerning the meetings announced in this notice can be found on the CASAC website: *https://casac.epa.gov.*

**SUPPLEMENTARY INFORMATION:**

*Background:* The CASAC was established pursuant to the Clean Air Act (CAA) Amendments of 1977, codified at 42 U.S.C. 7409(d)(2), to review air quality criteria and NAAQS and recommend to the EPA Administrator any new NAAQS and revisions of existing criteria and NAAQS as may be appropriate. The CASAC shall also: advise the EPA Administrator of areas in which additional knowledge is required to appraise the adequacy and basis of existing, new, or revised NAAQS; describe the research efforts necessary to provide the required information; advise the EPA Administrator on the relative contribution to air pollution concentrations of natural as well as anthropogenic activity; and advise the EPA Administrator of any adverse public health, welfare, social, economic, or energy effects which may result from various strategies for attainment and maintenance of such NAAQS. As amended, 5 U.S.C., App. section 109(d)(1) of the Clean Air Act (CAA) requires that EPA carry out a periodic review and revision, as appropriate, of the air quality criteria and the NAAQS for the six ''criteria'' air pollutants, including lead.

The CASAC is a Federal Advisory Committee chartered under the Federal Advisory Committee Act (FACA), 5 U.S.C., App. 2, and conducts business in accordance with FACA and related regulations. The CASAC and the CASAC Lead Panel will comply with the provisions of FACA and all appropriate SAB Staff Office procedural policies. Pursuant to FACA and EPA policy, notice is hereby given that the CASAC Lead Panel will hold a public meeting to provide additional consultative advice on aspects of the approach for quantitative exposure and risk analyses as a follow-up to prior CASAC Lead Panel advice on the *Integrated Review Plan (IRP) for Review of the National Ambient Air Quality Standards for Lead, Volume 3: Planning for Quantitative Exposure/Risk Analyses (External Review Draft).*

*Technical Contacts:* Any technical questions concerning the quantitative exposure and risk analyses should be directed to Dr. Zachary Pekar

(*pekar.zachary@epa.gov*) or Dr. Deirdre Murphy (*murphy.deirdre@epa.gov*).

*Availability of Meeting Materials:* Prior to the meeting, the review documents, agenda and other materials will be accessible on the CASAC website: *https://casac.epa.gov.*

*Procedures for Providing Public Input:* Public comment for consideration by EPA's federal advisory committees and panels has a different purpose from public comment provided to EPA program offices. Therefore, the process for submitting comments to a federal advisory committee is different from the process used to submit comments to an EPA program office. Federal advisory committees and panels, including scientific advisory committees, provide independent advice to EPA. Members of the public can submit relevant comments on the topic of this advisory activity, including the charge to the CASAC and the EPA review documents, and/or the group conducting the activity, for the CASAC to consider as it develops advice for EPA. Input from the public to the CASAC will have the most impact if it provides specific scientific or technical information or analysis for CASAC to consider or if it relates to the clarity or accuracy of the technical information. Members of the public wishing to provide comment should follow the instructions below to submit comments.

*Oral Statements:* Individuals or groups requesting an oral presentation during the public meeting will be limited to five minutes. Each person making an oral statement should consider providing written comments as well as their oral statement so that the points presented orally can be expanded upon in writing. Interested parties should contact Mr. Aaron Yeow, DFO, in writing (preferably via email) at the contact information noted above by November 15, 2024, to be placed on the list of public speakers.

*Written Statements:* Written statements will be accepted throughout the advisory process; however, for timely consideration by CASAC members, statements should be supplied to the DFO (preferably via email) at the contact information noted above by November 15, 2024. It is the SAB Staff Office general policy to post written comments on the web page for the advisory meeting or teleconference. Submitters are requested to provide an unsigned version of each document because the SAB Staff Office does not publish documents with signatures on its websites. Members of the public should be aware that their personal contact information, if included in any written comments, may be posted to the

CASAC website. Copyrighted material will not be posted without explicit permission of the copyright holder.

*Accessibility:* For information on access or services for individuals with disabilities, please contact Mr. Aaron Yeow at (202) 564–2050 or *yeow.aaron@ epa.gov.* To request accommodation of a disability, please contact the DFO, at the contact information noted above, preferably at least ten days prior to each meeting, to give EPA as much time as possible to process your request.

**V. Khanna Johnston,**

*Deputy Director, Science Advisory Board Staff Office.*

[FR Doc. 2024–25349 Filed 10–30–24; 8:45 am]

**BILLING CODE 6560–50–P**

---

**ENVIRONMENTAL PROTECTION AGENCY**

**[EPA–R01–OW–2024–0492; FRL–12374–01–R1]**

**Notice of Preliminary Designation of Certain Stormwater Discharges in the Commonwealth of Massachusetts and Notice of Availability of Draft Permit Under the National Pollutant Discharge Elimination System of the Clean Water Act**

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice.

---

**SUMMARY:** The Regional Administrator of the Environmental Protection Agency Region 1 (''EPA'') is providing notice of two proposed actions today. The first action is the Preliminary Designation of certain stormwater discharges from commercial, industrial, and institutional properties with one acre or more of impervious surface in the Charles, Neponset, and Mystic River watersheds in Massachusetts for regulation under the Clean Water Act's (''CWA'') National Pollutant Discharge Elimination System (''NPDES'') permitting program. Second, the Regional Administrator of the EPA Region 1 is concurrently providing notice of availability of a draft NPDES General Permit (''GP'') for Private Commercial Industrial, and Institutional (''CII'') Stormwater Discharges in the Charles, Mystic, and Neponset River Watersheds in Massachusetts (''Draft CII GP''). The Draft CII GP would regulate the identified stormwater discharges, as it is authorized to do under section 402 of the CWA, by requiring the implementation of Best Management Practices (''BMPs'') and meeting other limitations to meet water quality standards.

**DATES:** Comments on the Preliminary Designation and the Draft CII GP may be submitted as described in Section I.A of this notice. The public notice period for both the Preliminary Designation and the Draft CII GP will close January 29, 2025. EPA will hold virtual public meetings on January 7, 2025, at 7 p.m. Eastern Time and January 9, 2025, at 7 p.m. Eastern Time. EPA will hold virtual public hearings on January 22, 2025, at 7 p.m. Eastern Time and January 23, 2025, 7 p.m. Eastern Time. Please refer to the **SUPPLEMENTARY INFORMATION** section for registration instructions for the public meetings and hearings.

**ADDRESSES:** You may send comments on the Preliminary Designation and/or the Draft CII GP, identified by Docket ID No. EPA–R01–OW–2024–0492, by any of the following methods:

—*Federal eRulemaking Portal: https:// www.regulations.gov/* (our preferred method). Follow the online instructions for submitting comments.
—*Email: R1.RDA@epa.gov,* and include ''Comments on the Preliminary Designation and/or Draft CII GP'' in the subject line.
—*Mail:* U.S. EPA Region 1, Water Division, Attn: Laura Schifman, 5 Post Office Square, Suite 100, Mail Code 06–4, Boston, Massachusetts 02109–3912. If comments are submitted in hard copy form, please also email a copy to *R1.RDA@epa.gov*.

**FOR FURTHER INFORMATION CONTACT:** Laura Schifman, U.S. Environmental Protection Agency Region 1, Water Division, Stormwater Permits Section; telephone number: (617) 918–1015; email address: *schifman.laura@epa.gov*.

*Administrative Record:* The Preliminary Designation, the Draft CII GP, and other related documents in the administrative record are on file and may be inspected between 9 a.m. and 5 p.m., Monday through Friday, excluding legal holidays, at the following address: U.S. Environmental Protection Agency, EPA Region 1 Regional Office, Water Division, 5 Post Office Square, Boston, MA. Contact the person listed in the **FOR FURTHER INFORMATION CONTACT** section to schedule your inspection.

**SUPPLEMENTARY INFORMATION:**

## I. Public Participation

### A. Written Comments

Submit your comments as detailed in the **ADDRESSES** section. Do not submit to EPA any information you consider to be Confidential Business Information (''CBI''), Proprietary Business Information (''PBI''), or other information whose disclosure is restricted by statute. Multimedia submissions (audio, video, etc.) must be accompanied by a written comment. The written comment is considered the official comment and should include discussion of all points you wish to make. EPA will generally not consider comments or comment contents located outside of the primary submission (*i.e.,* on the web, cloud, or other file sharing system).

### B. Public Meetings and Public Hearings

EPA will begin pre-registering speakers for the hearings upon publication of this document in the **Federal Register**. To register to speak at the virtual hearing, please use the online registration form available at *https://www.epa.gov/npdes-permits/ notice-preliminary-designation-certain- stormwater-discharges-commonwealth*. The last day to pre-register to speak at either the January 22 or 23, 2025 hearings is January 16, 2025. On January 17, 2025, EPA will post a general agenda for the hearing that will list pre-registered speakers in approximate order at: *https://www.epa.gov/npdes- permits/notice-preliminary-designation- certain-stormwater-discharges- commonwealth*.

## II. General Information

### A. Does this action apply to me?

Entities included in the Preliminary Designation and eligible for coverage under the Draft CII GP Permit include: commercial, industrial, and institutional properties with one acre or more of impervious surface in the Charles, Neponset, and Mystic River watersheds in Massachusetts. Commercial, industrial, and institutional properties are identified by reference to Massachusetts Property Type Classification Codes, identified in Draft CII GP Appendix H. The amount of impervious cover on a parcel can be determined either by verifying EPA's impervious cover data or by determining the amount of impervious cover by a site plan or site survey, GIS analysis, or Google Earth. These methods are described in Draft CII GP Appendix E.

### B. Summary and Availability of Preliminary Designation Documents

The Regional Administrator of EPA Region 1 has made a Preliminary Designation of stormwater discharges from certain commercial industrial, and institutional properties with one acre or more of impervious surface in the Charles, Neponset, and Mystic River watersheds in Massachusetts for regulation under the NPDES permitting program pursuant to Clean Water Act sections 301, 402(p)(2)(E), and 402(p)(6) of the Clean Water Act and EPA's implementing regulations at 40 CFR 122.26(a)(9)(i)(C)–(D) and 122.44. Those provisions authorize the Agency to regulate stormwater discharges that contribute to a water quality standard violation or that are a significant contributor of pollutants to waters of the United States, or where controls are needed based on wasteload allocations that are part of total maximum daily loads. This authority is often referred to as ''residual designation authority'' or RDA. EPA is providing notice of its Preliminary Designation for NPDES permitting of unregulated stormwater discharges from certain commercial industrial, and institutional properties with one acre or more of impervious surface in the Charles, Neponset, and Mystic River watersheds in Massachusetts.

The Preliminary Designation plus supplementary information relating to the Preliminary Designation are available on EPA Region 1's web page at: *https://www.epa.gov/npdes-permits/ notice-preliminary-designation-certain- stormwater-discharges-commonwealth* and at *www.regulations.gov* by searching for Docket ID No. EPA–R01– OW–2024–0492. This information includes parcel analyses of the Neponset River watershed and the Mystic River watershed, and an updated parcel analysis for the Charles River watershed.

Please refer to EPA's website or this action's docket on *www.regulations.gov* to review these materials and then follow the directions above in this Notice for submitting any comments. Note that stakeholders may submit comments on the Preliminary Designation to EPA until the end of the comment period and on the EPA NPDES general permit for these discharges. *See* 40 CFR 124.52(c). In this case, the public notice periods for the Preliminary Designation and Draft CII GP are simultaneous and will run for 90 days from the **Federal Register** publication of this Notice. Commenters may submit comments on the Preliminary Designation, the Draft CII GP, or on both actions.

### C. Summary and Availability of Draft CII GP Documents

The Draft CII General Permit, appendices, and fact sheet are available at: *https://www.epa.gov/npdes-permits/ notice-preliminary-designation-certain- stormwater-discharges-commonwealth* and at *www.regulations.gov* by searching for Docket ID No. EPA–R01– OW–2024–0492.

This Draft CII General Permit is established pursuant to CWA sections 301, 402(a)(1), 402(p)(2)(E), and 402(p)(6).

1. Technology-Based Requirements

This Draft CII General Permit would be available to authorize certain stormwater discharges, as it is authorized to do under CWA sections 301, 402(a)(1), 402(p)(2)(E) and 402(p)(6), by requiring the implementation of BMPs. The Draft CII Permit regulates Phosphorus, a non-conventional pollutant, as an indicator parameter for all regulated pollutants. As provided in section 402(a)(1) of the CWA, EPA established Technology-Based Effluent Limitations (TBELs) in this Draft Permit utilizing Best Professional Judgment (BPJ) to meet the ''best available technology economically achievable'' (BAT), ''best conventional pollutant control technology'' (BCT), and ''best practicable control technology currently available'' (BPT) standards described in section 304(b) of the CWA. TBELs in this Draft Permit are expressed as requirements for implementation of effective best management practices (BMPs). 40 CFR 122.44(k). Section 2.1.1 of the Draft CII GP requires all Permittees to develop and implement Stormwater Pollution Control Plans (SPCPs). The minimum BMPs specified in this CII GP represent common practices that can be implemented by most CII facilities. Dischargers have flexibility in designing their SPCP in accordance with Section 2.2 of this Draft CII GP.

2. Water-Quality Based Requirements

Based on its scientific and technical judgment, EPA has determined that the following reductions of Phosphorus, as an indicator pollutant, from CII sites are necessary to meet water quality standards: Charles River watershed, 65%; Mystic River watershed, 62%; Neponset River watershed, 60%. Permittees' development and implementation of SPCPs constitutes compliance with the Water-Quality Based Effluent Limitations (WQBELs) contained in this Draft CII GP, including the aforementioned reductions of Phosphorus.

*D. Provisions on Which EPA Is Soliciting Comment*

While EPA encourages the public to review and comment on all provisions in the Preliminary Determination and the Draft CII GP, EPA has included in the body of the Draft CII GP Fact Sheet several proposed provisions on which EPA specifically requests feedback. The following list summarizes these specific requests for comment, and where they are included in the fact sheet. EPA notes that these are only summaries of the requests for comment. The Agency recommends that the public see the specific wording of each comment request within the body of the fact sheet.

1. *Multifamily housing/tax codes (Fact Sheet § 1.5):* EPA is seeking comment on whether to include Multi-Family Residential Properties in the final designation and in the final CII GP.

2. *Compliance schedule (Fact Sheet § 5.1.1):* EPA is seeking comment on whether the proposed compliance schedule is appropriate.

3. *Multiple non-contiguous properties (Fact Sheet § 1.4):* EPA is seeking comment on how the permitting process should work for owners with multiple non-contiguous properties that are subject to the CII GP.

4. *Owner-operator (Fact Sheet § 1.4):* EPA is seeking comment on whether EPA should regulate the operator with control over a site instead of the owner, including sites where multiple operators may be tenants of a site (*e.g.,* a shopping plaza with one owner and multiple tenants).

5. *Contiguous properties (Fact Sheet § 1.4):* EPA is seeking comment on its regulation of contiguous sites, which reflect EPAs interest in consolidating, to the greatest extent possible, responsibility for permit compliance.

6. *Historic Properties (Fact Sheet § 9.3):* EPA is seeking comment on the Draft CII GP's potential impact on historic properties.

*E. Procedures for Reaching a Final Designation and Final Permit Decision*

After the comment period closes, EPA intends to issue a final permit and final RDA determination. EPA will consider all significant comments and make appropriate changes before issuing this permit. EPA's responses to public comments received will be included in the docket as part of the final permit issuance. Once the final permit becomes effective, eligible dischargers may seek authorization.

*Authority:* This action is being taken pursuant to Clean Water Act sections 301, 402(a)(1), 402(p)(2)(E), and 402(p)(6).

Dated: October 24, 2024.

**David W. Cash,**

*Administrator, EPA Region 1, Boston, MA.*

[FR Doc. 2024–25219 Filed 10–30–24; 8:45 am]

**BILLING CODE 6560–50–P**

## FEDERAL ELECTION COMMISSION

### Sunshine Act Meetings

**FEDERAL REGISTER CITATION OF PREVIOUS ANNOUNCEMENT:** 89 FR 85212.

**PREVIOUSLY ANNOUNCED TIME AND DATE OF THE MEETING:** Wednesday, October 30, 2024 at 10:00 a.m., Hybrid Meeting: 1050 First Street NE, Washington, DC (12th Floor) and virtual.

**CHANGES IN THE MEETING:** The October 30, 2024 Open Meeting has been canceled.

**CONTACT PERSON FOR MORE INFORMATION:** Judith Ingram, Press Officer, Telephone: (202) 694–1220.

(Authority: Government in the Sunshine Act, 5 U.S.C. 552b)

**Laura E. Sinram,**

*Secretary and Clerk of the Commission.*

[FR Doc. 2024–25498 Filed 10–29–24; 4:15 pm]

**BILLING CODE 6715–01–P**

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

### Agency for Healthcare Research and Quality

### Meeting on the Artificial Intelligence in Healthcare Safety Program

**AGENCY:** Agency for Healthcare Research and Quality (AHRQ), Department of Health and Human Services (HHS).

**ACTION:** Notice of public meeting.

**SUMMARY:** HHS is directed by Executive order (E.O.) to establish an Artificial Intelligence (AI) in Healthcare Safety Program in partnership with federally listed Patient Safety Organizations (PSOs). The purpose of this notice is to announce a meeting to discuss implementation of the Executive order to establish the AI in Healthcare Safety Program. This meeting is designed as an interactive forum where participants can provide input on the future of the program.

**DATES:** The meeting will be held from 12:30 to 4 p.m. eastern on Friday, November 15, 2024.

**ADDRESSES:** The meeting will be held virtually.

**FOR FURTHER INFORMATION CONTACT:** Erofile Gripiotis, Program Analyst, Center for Quality Improvement and Patient Safety, AHRQ, 5600 Fishers Lane, Rockville, MD 20857; Telephone (toll free): (866) 403–3697; Telephone (local): (301) 427–1111; TTY (toll free): (866) 438–7231; TTY (local): (301) 427–1130; Email: *pso@ahrq.hhs.gov.*

**SUPPLEMENTARY INFORMATION:**